# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **NATHAN FANSLER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**U.S. ACUTE CARE SOLUTIONS, LLC,** a Deleware corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Nathan Fansler brings this class action against Defendant US Acute Care Solutions, LLC, and states:

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2. Defendant is healthcare company.

3. Defendant violates the TCPA by using prerecorded message calls to collect debts, even after having been informed by recipients of those calls that it has reached the wrong person and telephone number.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant because its primary place of business is in this District.

1

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff is a natural person who, during all times relevant to this action, was a citizen of and domiciled in Tulsa County, Oklahoma.

9. Defendant is a Delaware limited liability company with its headquarters located at 4535 Dressler Road Northwest Canton, OH 44718. Defendant directs, markets, and provides business activities throughout the State of Ohio.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. Beginning on or about April 2021, Defendant, or third parties direct by Defendant, placed at least five calls that utilized a prerecorded or artificial voice to Plaintiff's cellular telephone number ending in 6283 (the "6283 Number").

12. Upon information and belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

13. The prerecorded messages stated that Defendant was calling about a bill.

14. Plaintiff does not have any medical bills with Defendant.

15. The calls came from the number 855-687-0618, a number which, on information and belief, is owned and or operated by Defendant or on Defendant's behalf.

16. When Plaintiff called to inquire about the message, Defendant's employee informed him that the calls were for a different individual.

17. Plaintiff is not, nor was, Defendant's customer.

18. Plaintiff does not, nor did, have any business relationship with Defendant.

19. Plaintiff does not, nor did, have any account with Defendant.

20. Plaintiff does not owe any money to Defendant.

21. Plaintiff did not provide his cellular telephone number to Defendant.

22. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number using an artificial or prerecorded voice.

23. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party.

24. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

25. Rather, Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's account holders and for the purpose of attempting to collect a debt.

26. Plaintiff does not know the third party that Defendant attempted to reach by placing calls her cellular telephone number.

27. At the time Plaintiff received these calls Plaintiff was the subscriber and sole user of the 6283 Number.

28. Plaintiff received the subject calls within this District and, therefore, Defendants' violations of the TCPA occurred within this District.

29. Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district.

30. Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

32. Plaintiff brings this case on behalf of the classes defined as follows:

> All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, at least one call (2) directed to a number assigned to a residential or cellular telephone service, by (3) using an artificial or prerecorded voice, (4) during the four years prior to the filing of this lawsuit through and including the date of class certification, (5) where the called party did not have an account or debt with and/or serviced by Defendant.

33. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

35. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

37. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

   b) Whether Defendant made non-emergency calls to wrong or reassigned

    telephone numbers;

  c) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

  d) Whether Defendant's conduct was knowing and willful;

  e) Whether Defendant is liable for damages, and the amount of such damages; and

  f) Whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers.

## TYPICALITY

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although

certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA Class)

43. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

45. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

46. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

47. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

48. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3);

d) An order declaring that Defendant's actions, as set out above, violate the TCPA;

e) An injunction requiring Defendant to cease all unsolicited prerecorded call activity, and to otherwise protect the interests of the Classes;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: July 12, 2021

**IJH Law**
*/s/ Ignacio Hiraldo*
Ignacio Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave. Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786.496.4469

*Attorney for Plaintiff and the Proposed Class*